IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:   5:03cr41/RH/GRJ
                                                              5:14cv331/RH/GRJ
DEXTER LAYNOYD DICKENS

---

### ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 103). The motion includes a supporting memorandum of law that is 149 pages in length. Defendant also has filed a motion for leave to file a brief in excess of 25 pages. (Doc. 101). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court concludes that Defendant's motion is untimely and that it should be summarily dismissed. Defendant's motion to file a brief in excess of 25 pages will therefore be denied as moot, although in any event, a request to file a brief of such an extraordinary length would have been denied.

### BACKGROUND and ANALYSIS

Defendant was charged in an eight count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and seven counts of distribution of cocaine on specific dates. (Doc. 1). Defendant entered a plea

of guilty to all eight counts of the indictment pursuant to a written plea agreement. (Doc. 57).  On December 17, 2004, he was sentenced to a term of life imprisonment. His sentence was comprised of concurrent terms of life imprisonment on the conspiracy count and one substantive count, forty years imprisonment on four of the substantive counts, and thirty years on the remaining two substantive counts.[1]  (Doc. 81.) Judgment was entered on December 21, 2004.  (Doc. 82).  Defendant did not appeal. Defendant did not file anything else until he filed the instant motion to vacate pursuant to the prison mailbox rule[2] on October 17, 2014. (Doc. 103 at 160.)  Defendant separates his claims into four grounds for relief, but in each he claims that counsel's representation was constitutionally deficient in some respect.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

---

[1]This was the same sentence that the court previously imposed and vacated.  (See docs. 74, 76)

[2]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule");  Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 5:03cr41/RH/GRJ; 5:14cv331/RH/GRJ

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's judgment of conviction is dated December 21, 2004. (Doc. 82). Because he did not appeal, his conviction became final when the time for doing so expired. The instant motion was filed more than nine years later.

Defendant claims that despite this delay, under the Supreme Court's recent decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), his motion is timely filed because he raises a claim of "actual innocence." Defendant's reliance on *McQuiggin* does not provide Defendant with any relief from the statute of limitations. Despite Defendant's representation that he has "newly discovered evidence" that satisfies the "actual innocence" standard, he has offered no new evidence that would establish his actual innocence of the eight controlled substance offenses to which he pleaded guilty. Instead, relying exclusively upon case law relating to counsel's duty to provide effective representation, Defendant argument focuses solely upon his attorney's performance, rather than any new evidence demonstrating actual innocence.

In his fourth ground for relief, in which he purports to raise his "actual innocent" claim, Defendant asserts that counsel should have challenged the underlying state convictions used to enhance his sentence, but he offers no evidence or argument that

could not have been included in a § 2255 motion that was filed within the time frame established by law.[3]

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States,* 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson,* 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson,* 340 F.3d at 1226, Jones*,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is

---

[3] Notably, in March of 2013, Defendant filed a § 2241 petition in the Middle District of Florida in which he also attempts to challenge his conviction and sentence. (*See Dickens v. Warden, FCC Coleman-Medium*, Case No. 5:13-cv-123-Oc-33-PRL). The petition is still pending.

nothing in the instant motion to suggest that Defendant intended to, or is entitled to, invoke the doctrine of equitable tolling. Defendant's motion, therefore, should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Defendant's motion for leave to file a brief in excess of 25 pages (Doc. 101) is **DENIED AS MOOT**.

Case Nos.: 5:03cr41/RH/GRJ; 5:14cv331/RH/GRJ

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (Doc. 103) should be summarily **DENIED and DISMISSED** as untimely.

2.  A certificate of appealability also should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).