IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASES NO. 5:03cr41-RH/GRJ
           5:14cv331-RH/GRJ

DEXTER LANOYD DICKENS,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Dexter Lanoyd Dickens has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 104, and the objections, ECF No. 107. I have reviewed *de novo* the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion, with this additional note.

Mr. Dickens pleaded guilty to offenses involving five or more kilograms of cocaine. He admitted he committed the offenses. The presentence report concluded, based on Mr. Dickens' four prior drug felony convictions, that the

statutory minimum mandatory sentence was life in prison. Neither side filed timely objections.

At the first sentencing hearing, however, Mr. Dickens asserted for the first time that the offense of conviction was related to prior offenses, making it improper to impose the enhanced life sentence. Although the objection was untimely, I agreed (without objection from the government) to consider the objection on the merits. I preliminarily rejected Mr. Dickens' position, but I said (with both sides' explicit consent) that I would research the issue further before entering the written judgment and conduct a new sentencing if necessary.

As it turned out, the record was insufficient to establish whether the prior convictions should result in an enhanced sentence. I vacated the original sentence before entering a written judgment—a procedure that was proper because both sides had consented to it in advance. The order vacating the sentence explained:

> The law of the circuit on this issue is set forth in *United States v. Rice*, 43 F.3d 601 (11th Cir. 1995). In *Rice*, a defendant with three prior drug felony convictions was convicted under §841 of offenses involving more than five kilograms of cocaine. The district court sentenced the defendant to a minimum mandatory term of life in prison. An issue on appeal was whether the three prior convictions were sufficiently distinct to be counted separately for purposes of the §841 minimum mandatory.
>
> As in the case at bar, the prior convictions at issue in *Rice* were obtained in courts of three separate sovereignties. Indeed, in both *Rice* and the case at bar, the prior convictions were obtained in courts of the same three sovereignties: North Carolina state court, Florida state court, and federal court. The Eleventh Circuit did not, however,

conclude that the involvement of three separate sovereignties was sufficient to allow the three convictions to be counted separately. Instead, the court concluded "that if prior convictions resulted from acts forming a single criminal episode, then they should be treated as a single conviction for sentence enhancement under section 841(b)(1)(A)." The court went on to conclude that "convictions are not related if they are temporally distinct." *Rice*, 43 F.3d at 606.

*Rice* thus makes clear that (1) the mere fact that Mr. Dickens has multiple convictions obtained in courts of different sovereignties does not alone mean that the convictions should be counted separately for purposes of the §841 minimum mandatory provision, (2) convictions do not count separately if they are part of a "single criminal episode," and (3) convictions for acts that are temporally distinct are not part of a "single criminal episode" and thus count separately.

This record includes scant information about the underlying facts that led to Mr. Dickens' prior convictions. The Florida state court convictions both arose from a cocaine sale that occurred on November 21, 1986, presumably in Florida. (Presentence Report ¶48.) The North Carolina conviction arose from a cocaine sale or delivery, presumably in North Carolina, but the record in the case at bar gives no date of the transaction, other than that the date must have been, at the latest, April 23, 1987 (the date of Mr. Dickens' arrest on that charge). While it seems unlikely that the North Carolina case arose from the same transaction as the Florida state court cases, this record does not rule out the possibility that it did; a single drug transaction sometimes involves elements in two or more states and could lead to prosecutions in each, and it would not be unusual for an arrest to occur five months after the date of an offense. The federal conviction was for conspiracy to possess with intent to distribute cocaine, and the place and period of the alleged conspiracy included the date and place of the transaction that led to the Florida state court convictions. The record thus does not refute the possibility that all of Mr. Dickens' prior drug felony convictions were part of a single criminal episode.

Order of November 17, 2004, ECF No. 74, at 3-5.

So a new sentencing hearing was conducted. Based on the record at that point, the prior convictions were properly used to enhance the sentence. The mandatory sentence was life in prison. Any other sentence would have been illegal.

Now, 10 years later, Mr. Dickens asserts he was "actually innocent." But he does not, and could not reasonably, deny that he committed the cocaine offenses he pleaded guilty to in this case. Nor does he deny that he had four prior drug felony convictions. Instead, he says his attorney should have done more to challenge the use of those offenses. But his attorney raised this issue, and the issue was considered—with great care—on the merits. Still to this day, Mr. Dickens has asserted no ground on which the result could properly have been different. Mr. Dickens received a life sentence not because this issue was improperly resolved, not because his attorney rendered ineffective assistance, and not because he is "actually innocent." Mr. Dickens received this sentence because that is what the law required, based on the facts of this case and the prior convictions.

Even more clearly, Mr. Dickens has asserted no basis for raising this issue now, in a § 2255 motion filed many years after expiration of the one-year statute of limitations. The § 2255 motion is untimely, unfounded on the merits, and must be denied.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not

entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

    IT IS ORDERED:

    1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

    2. A certificate of appealability is DENIED.

    SO ORDERED on December 26, 2014.

                                    s/Robert L. Hinkle
                                     United States District Judge